UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOEL BARCELONA,

      Plaintiff,

v.                                     Case No. 3:24-cv-480-BJD-LLL

KATHERINE FERNANDEZ RUNDLE
and CENTURION,

      Defendants.
_____

## ORDER

Plaintiff, a state prisoner proceeding *pro se*, initiated this action on about May 13, 2024, by filing a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. 1) against two Defendants: Katherine Fernandez Rundle, the State Attorney for Miami-Dade County, Florida; and Centurion, the medical service company under contract to provide medical care for inmates in the custody of the Florida Department of Corrections. Plaintiff alleged the Office of the State Attorney "deprived [him] of access to Court for immediate release," and Centurion had a policy or custom of deliberate indifference to inmates' medical needs by delaying treatment for his "life-threatening medical" condition. *See* Doc. 1 at 5, 9.

With respect to the claim against Centurion, Plaintiff alleged he was transported to a hospital in October 2022, where he was diagnosed with an enlarged aorta aneurysm. *Id.* at 6. He documented the treatment he received since the diagnosis, which included stress tests, ultrasounds, CAT scans, an EKG, medications, and regular check-ups with a cardiologist every four months. *Id.* at 6–7. He even acknowledged the cardiologist informed him on December 21, 2023, that his aneurysm had reduced from 4.6 to 4.5 from the medications, and the doctor "did not recommend a [surgical] repair." *Id.* at 6. Plaintiff claimed, however, that he was "in need to spend time at the hospital in order to survive." *Id.* at 7.

The Court dismissed Plaintiff's complaint under 28 U.S.C. § 1915(g) because he is a three-strikes litigant and "his allegations [did] not warrant the imminent danger exception to dismissal." *See* Order (Doc. 3) at 3. He appealed the dismissal order, but his appeal was dismissed for want of prosecution. *See* USCA Opinion (Doc. 10). Plaintiff now moves this Court to "reinstate" his case (Doc. 11). He contends the Court erred in dismissing his complaint because he alleged he was in imminent danger of irreparable harm. *See* Doc. 11 at 2.

The Court construes Plaintiff's filing as a motion for reconsideration. *See* Fed. R. Civ. P. 60(b) ("[T]he court may relieve a party . . . from a final judgment, order, or proceeding for [limited] reasons[, including] mistake, inadvertence,

2

surprise, or excusable neglect; newly discovered evidence; or fraud." (internal numbering omitted)). Plaintiff is not entitled to relief under Rule 60. In dismissing Plaintiff's complaint, the Court closely reviewed and considered his allegations and determined he did not allege facts demonstrating that he was "under imminent danger of serious physical injury." *See* Order (Doc. 3) at 2 (quoting § 1915(g)). Accepting as true that Plaintiff has an enlarged aorta aneurysm, and further accepting such a condition constitutes a serious medical need, Plaintiff himself acknowledged and documented in his complaint that his condition has been diagnosed, treated, and regularly monitored by a cardiologist. *See* Doc. 1 at 6–7.

Not only do Plaintiff's own allegations belie his conclusory assertion that Centurion has a custom or policy of deliberate indifference to medical needs, they do not satisfy the imminent danger exception, which requires more than an allegation that an inmate has a serious—even life threatening—medical condition. *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (holding the plaintiff-inmate satisfied the imminent danger exception where he alleged "a total withdrawal of treatment" for his serious medical conditions—HIV and hepatitis); *Mitchell v. Nobles*, 873 F.3d 869, 874 (11th Cir. 2017) (holding the three-strikes plaintiff could proceed under the imminent danger exception where he alleged he was denied any medication or treatment for his hepatitis

C condition, which caused cirrhosis to begin). *See also Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) ("A prisoner alleges imminent danger of serious physical injury, when he alleges that a total withdrawal of treatment for serious diseases, including human immunodeficiency virus ("HIV") and hepatitis, will cause him to suffer from severe ongoing complications, increased susceptibility to various illnesses, and a rapid deterioration of his condition.").

Plaintiff's allegations come nowhere close to suggesting a "total withdrawal of treatment." *See Brown*, 387 F.3d at 1350. On the contrary, he documents regular appointments with and treatment by a specialist who noted his condition had shown improvement, not deterioration. As such, his complaint was properly dismissed under § 1915(g), and his motion (Doc. 11) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of August, 2024.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Joel Barcelona, #M50331